McKinney, J.,
delivered the opinion of the Court.
This was an action of “forcible and unlawful entry and de-tainerand the question is, can it he supported upon the facts in this record ? We think not.
On the 6th of February, 1856, E. Heydeman°conveyed the lot in controversy, by deed of trust, to secure the payment of a debt of $800, due from him to David Kuhn, sr. The debt not being paid at the time stipulated, the lot was sold by the trustee, and Kuhn became the purchaser.
After the execution of the deed of trust, but before the sale by the trustee, Heydeman died, leaving his widow in possession of said lot. Some few months after the death of her husband, the widow removed to Missouri, leaving her agent in possession of the lot, and said agent leased the lot to the defendant, Eeiser. And to recover from him the possession of said lot, Kuhn, the purchaser at the trust sale, brought this action.
We assume, from the statement of the facts in the bill of exceptions, that Heydeman died intestate. Upon this assumption, the equitable title descended to the heirs; and the deed of trust having been made prior to the Act of 1856, ch. 57, — entitling the widow to be endowed of lands conveyed by mortgage or deed of trust, — the widow of the intestate had no interest in the lot. She had no power herself, therefore, to make a lease of the lot; and, of course, could confer no authority on an agent to do so.
If this be so, it necessarily follows that, in law, the defendant, Eeiser, was a naked trespasser; as well against the trustee, prior to the sale, as against the plaintiff, after his purchase. There existed no color of privity between Eeiser and the trustee, or the purchaser under him; the idea of a tenancy —even by implication — is positively excluded.
*84 In this view of the ease, we are of the opinion that the remedy of forcible or unlawful entry and detainer has no- application to the case.
Judgment affirmed.